ERNEST WERPUPP petitioner-respondent,

*v.*

LULU WERPUPP, defendant-appellant.

---

ERNEST WERPUPP, petitioner-appellant,

*v.*

LULU WERPUPP, defendant-respondent.

[Submitted October 31st, 1930.   Decided April 17th, 1931.]

. On cross appeals from a decree of the court of chancery advised by Advisory Master Edward M. Colie, whose opinion is as follows:

"The husband filed a petition for divorce.  The wife has filed a counter-claim for maintenance.  The parties were married in St. Louis in 1904 and lived in St. Louis until 1914, when they moved to Newark, New Jersey, where the petitioner has lived for many years last past.  The wife's mother and some of her children by her first marriage lived in St. Louis.  The husband was a barber, sometimes as proprietor and sometimes as employe.

"In 1921 they went to Pittsburgh, where the husband unsuccessfully sought lucrative employment, and in October,

1921, he returned to Newark to take up his trade. His wife went to St. Louis. In the early days of November, 1921, the wife came to Newark from St. Louis and her husband met her at the Pennsylvania Station and they went to the Lenox Hotel in Newark, where, after a quarrelsome night growing out of the insistence of the wife that her husband should move to St. Louis, she went to stay with a friend in Newark, with whom she remained for a few weeks. Thereupon she returned to St. Louis, where she remained until about the date of the hearing of this cause. During the weeks she was here her husband gave her $10 a week through his counsel, Frank B. Bozza, together with $50 to reimburse her for the expense to and from St. Louis. After she reached St. Louis he (Bozza) continued to send her $10 for several weeks, $30 in all. After that her husband continued to send her $10 weekly up to May, 1923, by registered mail without a letter.

"In the fall of 1921 she put in storage the furniture of the flat which she and her husband occupied prior to going to Pittsburgh. In the early part of the year 1922, the furniture, by her order, was shipped to St. Louis. Since May, 1923, there has been no communication between the husband and wife, oral or written. They have lived wholly apart without any communication between them. The husband during this time lived at the Stag Hotel in Newark. His testimony clearly discloses that the separation was entirely satisfactory to him and had his acquiescence. Under these circumstances the husband's petition for divorce cannot be sustained.

"The wife's counter-claim raises the question of veracity between the parties. The wife's testimony is alone relied on to establish her claim. She insists that she was always ready and willing and desirous of having her home with her husband in Newark. The testimony on behalf of the husband is that she insisted that he should move to St. Louis, where she could be with her mother and her family, and that she absolutely refused to make her home in Newark with her husband. The weight of the testimony in corroboration of the husband's testimony is such that it leaves no doubt in my mind as to her mental attitude as stated above. What I

think is her true attitude is expressed in Mr. Bozza's testimony as to what she said to him, which is as follows: 'I gave her the money when she came in and she folded up the money and put it in her bag and said: "Now I am going back to St. Louis where I have my friends and my children. I am through with him. I don't want to have anything to do with him." She said: "You can forward the $10 to me there." ' Further, this attitude is confirmed by a letter that she admits writing, dated St. Louis, Missouri, May 26th, 1929. Her manner in testifying was very unsatisfactory.

"I am convinced that she refused to make her home with her husband and the separation, so far as she was concerned, was in accordance with her wish and with her acquiescence. It cannot be construed as a desertion on his part. Under these circumstances the wife's counter-claim cannot be sustained.

"I therefore advise a decree dismissing both the petition and counter-claim."

*Messrs. Kalisch & Kalisch,* for the petitioner-respondent and appellant.

*Mr. William F. Nies,* for the defendant-appellant and respondent.

PER CURIAM.

The decree appealed from will be affirmed on both appeals, for the reasons stated in the opinion filed in the court below by Advisory Master Colie.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.